IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| **Vernon Jermaine Mills,**<br>　　Plaintiff, | )<br>)<br>) |
| v. | )   Case No. 1:24cv988 (RDA/WEF) |
| **U.S. Department Of Justice,** *et al.*,<br>　　Defendants. | )<br>)<br>) |

MEMORANDUM and ORDER

Vernon Jermaine Mills, a Virginia state prisoner, has filed a civil action pursuant to 42 U.S.C. § 1983 alleging defendants— the U.S. Department Of Justice ("DOJ") and the Bureau of Justice Assistance ("BJA")—violated his constitutional rights. Dkt. No. 1. He alleges that the defendants mandate minimum sentencing requirements for states in order to obtain grants under "The Violent Offender Incarceration and Truth-in-Sentencing (VOI/TIS) Incentive Formula Grant Program," ("VOI/TIS") administered by the defendants. Because Plaintiff is a prisoner, the Court must screen his complaint to determine whether it is frivolous, malicious, or fails to state any claims upon which relief may be granted. *See* 28 U.S.C. § 1915A.[1]

**I. Standard of Review**

Pursuant to § 1915A, a court must dismiss claims based upon "'an indisputably meritless

---

[1] Section 1915A provides:

　　(a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

　　(b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—

　　　　(1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or

　　　　(2) seeks monetary relief from a defendant who is immune from such relief.

legal theory,'" or where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (citation omitted). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Sumner v. Tucker*, 9 F. Supp.2d 641, 642 (E.D. Va. 1998). "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

A § 1983 complaint must allege facts indicating that the plaintiff was deprived of rights guaranteed by the Constitution or laws of the United States and that the alleged deprivation resulted from conduct committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Each named defendant in a § 1983 complaint must have had personal knowledge of and involvement in the alleged violations of plaintiff's constitutional rights for the action to proceed against that defendant. *De'Lonta v. Fulmore*, 745 F. Supp. 2d 687, 690-91 (E.D. Va. 2010); *see Barren v. Harrington*, 152 F.3d 1193, 1194-95 (9th Cir. 1998) ("A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights."); *see also Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978) (discussing "requisite causal connection" in § 1983 cases between named defendant and claimed injury).

## II. Analysis

Here, the Complaint alleges four claims against the defendants: (i) "Violation of Separation of Powers," Dkt. No. 1 at 5; (ii) "Unlawful Bribe/Inducement Violating Federalism," *od.* at 5-6;

2

(iii) "Violation of Spending Clause/Coercion." *id.* at 6; and (iv) "Violation of Due Process." *Id.* Each of the four claims is predicated on the enactment in 1994 of a statute by Virginia that requires individuals sentenced to prison to serve at least 85%[2] of their sentence before they can be released.[3] Plaintiff argues that the coercive nature of the federal grant program caused Virginia to enact the 85% requirement. Plaintiff argues that the 85% requirement is an unconstitutional infringement on executive action that violates the separation of power by infringing the judiciary's authority to determine appropriate sentences based upon "individualized factors (*id.* at 5; Claim 1);[4] the

---

[2] The 85% figure comes from a cap that is placed on numerous serious felony offenses: "A maximum of 4.5 sentence credits may be earned for each 30 days served on a sentence for a conviction for any" of the listed serious felony offenses. Va. Code Ann. § 53.1-202.3. The 4.5 day maximum in a 30-day period is a maximum of 15%.

[3] The complaint does not acknowledge that Virginia enacted several exceptions or limitations to the "no parole" statute. One is a geriatric parole provision, *see* Va. Code Ann. § 53.1-40.01 ("Any person serving a sentence imposed upon a conviction for a felony offense, other than a Class 1 felony, (i) who has reached the age of sixty-five or older and who has served at least five years of the sentence imposed or (ii) who has reached the age of sixty or older and who has served at least ten years of the sentence imposed may petition the Parole Board for conditional release."); and others were added in 2020. *See* Va. Code Ann. 53.1-165.1. Section 53.1-165.1 provides

A. The provisions of this article, except §§ 53.1-160 and 53.1-160.1, shall not apply to any sentence imposed or to any prisoner incarcerated upon a conviction for a felony offense committed on or after January 1, 1995. Any person sentenced to a term of incarceration for a felony offense committed on or after January 1, 1995, shall not be eligible for parole upon that offense.

B. The provisions of this article shall apply to any person who was sentenced by a jury prior to June 9, 2000, for any felony offense committed on or after January 1, 1995, and who remained incarcerated for such offense on July 1, 2020, other than (i) a Class 1 felony or (ii) any of the following felony offenses where the victim was a minor: (a) rape in violation of § 18.2-61; (b) forcible sodomy in violation of § 18.2-67.1; (c) object sexual penetration in violation of § 18.2-67.2; (d) aggravated sexual battery in violation of § 18.2-67.3; (e) an attempt to commit a violation of clause (a), (b), (c), or (d); or (f) carnal knowledge in violation of § 18.2-63, 18.2-64.1, or 18.2-64.2.

C. The Parole Board shall establish procedures for consideration of parole of persons entitled under subsection B consistent with the provisions of § 53.1-154.

D. Any person who meets eligibility criteria for parole under subsection B and pursuant to § 53.1-151 as of July 1, 2020, shall be scheduled for a parole interview no later than July 1, 2021, allowing for extension of time for reasonable cause.

E. Notwithstanding the provisions of subsection A or any other provision of this article to the contrary, any person sentenced to a term of life imprisonment for a single felony or multiple felonies committed while the person was a juvenile and who has served at least 20 years of such sentence shall be eligible for parole and any person who has active sentences that total more than 20 years for a single felony or multiple felonies committed while the person was a juvenile and who has served at least 20 years of such sentences shall be eligible for parole. The Board shall review and decide the case of each prisoner who is eligible for parole in accordance with § 53.1-154 and rules adopted pursuant to subdivision 2 of § 53.1-136.

[4] It is not an infringement on executive power because the Governor of Virginia can grant pardons and commute sentences irrespective of any federal grant program and has done so. *See, e.g., Blount v. Clarke*, 890 F.3d

3

requirement is a "bribe" that forces states to "surrender their sovereignty" and "improperly usurps state judicial powers" (*id.*; Claim 2); the requirement is an "impermissible" act of coercion that "violates the principles of federalism (*id.* at 6, Claim 3); and the requirement violates Plaintiff's substantive and procedural due process rights. (*Id.*, Claim 4). He seeks a ruling that the grant program be declared "unconstitutional," that the defendants be enjoined from enforcing or implementing the program, reasonable attorney's fees and costs, and other relief deemed appropriate.

The dubious lack of merit in the substance of the claims aside,[5] this civil action has no merit because federal departments and agencies are not proper defendants in a § 1983 action. As noted, § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). Because § 1983 applies only to persons acting under color of state law, it is inapplicable to federal agencies. *See District of Columbia v. Carter*, 409 U.S. 418, 424-25 (1973) (holding that because § 1983 proscribes discriminatory conduct "accomplished under the color of the law of any State," it "does not reach ... actions of the Federal Government and its officers") (internal quotation marks

---

456, 457 (4th Cir. 2018) (vacating orders in district court related to an inmate who was serving "six life terms plus 118 years' imprisonment for nonhomicide offenses" because the Governor of Virginia, invoking Article V, Section 12 of the Virginia Constitution, granted a partial pardon that resulted in reducing his sentence to 40 years) (citing *Blount v. Clarke*, , 782 S.E.2d 152, 158 (Va. 2016), which answered certified questions from the district court). For similar reasons, Claims 2 and 3 also fail to state a claim as pleaded because Virginia has not surrendered her sovereignty and has not been coerced. *See, infra* at pages 5-6.

[5] The Complaint, especially Claim 4, is premised upon the misconception that an inmate has a right to parole, but it is well settled that "[t]here is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners." *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011). Further, the Complaint challenges the fact or duration of plaintiff's confinement and such a claim must be brought via a habeas petition. "[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release." *Young v. Nickols*, 413 F.3d 416, 418 (4th Cir. 2005) (quoting *Heck v. Humphrey*, 512 U.S. 477, 481 (1994), citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973); *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration").

omitted)); *see, e.g., Hindes v. FDIC*, 137 F.3d 148, 158 (3d Cir. 1998) ("We find no authority to support the conclusion that a federal agency is a 'person' subject to section 1983 liability, whether or not in an alleged conspiracy with state actors."); *Hoffman v. HUD*, 519 F.2d 1160, 1165 (5th Cir. 1975) ("[A] federal agency is . . . excluded from the scope of section 1983 liability."); *Accardi v. United States*, 435 F.2d 1239, 1241 (3d Cir. 1970) ("The United States and other governmental entities are not 'persons' within the meaning of Section 1983."); *see also FDIC v. Meyer*, 510 U.S. 471, 486 (1994) (holding that federal agencies may not be sued for constitutional claims under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971)). Consequently, Plaintiff has failed to allege a claim upon which relief can be granted and will be dismissed.[6]

In addition, Plaintiff has not established coercion simply because a state enacted policy that he may oppose.

> The Supreme Court has already held that a condition on federal spending must be clearly and unambiguously expressed so that the State accepting federal funds can be certain of its obligations upon receipt of such funds. *South Dakota*[*v. Dole*], 483 U.S. [203,] 207 [(1987)] (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 451 U.S. 1, 17 (1981), for the proposition that an unambiguous condition "enables the States to exercise their choice knowingly, cognizant of the consequences of their participation" in the federal funding program). The Court has further held that Congress may not coerce the States into accepting federal funds with conditions. *Id.* at 211. These requirements suffice to ensure that a State's agreement to federal funding conditions is both knowing and voluntary.

*Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 495 (4th Cir. 2005). Nothing in the complaint establishes any basis for finding that the Commonwealth of Virginia did

---

[6] In 1994, the Virginia "General Assembly abolished discretionary parole for all persons incarcerated for felony offenses committed on or after January 1, 1995. *See* Va. Code Ann. § 53.1-165.1" but that "legislation did not disrupt the availability of discretionary parole for persons who committed crimes prior to 1995. . . ." *Burnette v. Fahey*, 687 F.3d 171, 175 (4th Cir. 2012). Similarly, Virginia enacted a new system of earned sentence credits that applied to persons convicted after January 1, 1995. *Henderson v. Clarke*, No. 1:21cv 672, 2022 WL 16922818, at *1 (E.D. Va. Nov. 14, 2022) (noting change to a different system to earn sentence credits for inmates convicted on or after January 1, 1995, stating that "[t]he Good Conduct Allowance ("GCA") system applies to parole eligible offenses that occurred before January 1, 1995, and the Earned Sentence Credit ("ESC") system which applies to parole ineligible offenses that occurred on or after January 1, 1995."). Plaintiff has not even established that he is subject to the requirement that he has to serve 85% of whatever sentence or sentences he is serving.

5

not know and understand what it was doing when it applied for grant funds. To be sure, any state who wanted to participate in the federal VOI/TIS grant program had to file an application with the U.S. Department of Justice. *See* 34 U.S.C. § 12104 ("To be eligible to receive a grant award under this section, a State shall submit an application to the Attorney General . . . ."). In short, the federal statute authorizing VOI/TIS grants requires that a state to take an affirmative act to apply to the federal government to obtain a grant.[7] Nothing in the VOI/TIS grant program requires a state to participate.

Here, because Plaintiff cannot properly obtain relief against these defendants, permitting amendment would be futile. Thus, this matter will be dismissed.

Accordingly, it is hereby

**ORDERED** that the Complaint, Dkt. No. 1, is DISMISSED WITHOUT PREJUDICE for failure to state a claim, *see* 28 U.S.C. § 1915A; and it is

**FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(g),[8] this dismissal may affect plaintiff's ability to proceed *in forma pauperis* in future civil actions; and it is

**FURTHER ORDERED** that the Clerk record this dismissal for purposes of the Prison Litigation Reform Act.

---

[7] It also appears that the grant program was only funded for five years.

> The Violent Offender Incarceration and Truth-in-Sentencing (VOI/TIS) Incentive Formula Grant Program provided states with funding to build or expand correctional facilities and jails. From FYs 1996 through 2001, half of the funds were made available for Violent Offender Incarceration Grants, and half were available as incentive awards to states that implement truth-in-sentencing laws.

*Violent Offender Incarceration and Truth-in-Sentencing Incentive Formula Grant Program*, Bureau of Justice Assistance, U.S. Department of Justice, https://bja.ojp.gov/program/voi-tis/overview, (last viewed Apr. 24, 2025).

[8] 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

To appeal, plaintiff must file a written notice of appeal with the Clerk's Office within thirty (30) days of the entry of this Order. *See* Fed. R. App. P. 4(a). A written notice of appeal is a short statement indicating a desire to appeal this Order and noting the date of the Order plaintiff wants to appeal. Failure to timely file a notice of appeal waives the right to appeal this decision. Plaintiff need not explain the grounds for appeal until so directed by the court.

The Clerk is directed, pursuant to Fed. R. Civ. P. 58, to enter final judgment in favor of defendants, to send a copy of this Order to plaintiff, and to close this civil action.

Entered this __25__ day of __April__ 2025.

Alexandria, Virginia

/s/
Rossie D. Alston, Jr.
United States District Judge